UNITED STATES DISTRICT COURT    **JUDGE MORAN**
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION    **MAGISTRATE JUDGE VALDEZ**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) No. 07 CR 732 |
| | ) |
| v. | ) Violations: Title 8, United States Code, |
| | ) Sections 1324(a)(1)(A)(iii), |
| MARY GURIN, and | ) 1324(a)(1)(A)(v)(I), and |
| NORINYE BENITEZ | ) 1324(a)(1)(B)(I); Title 18, United |
| | ) States Code, Sections 2 and 1001; and |
| | ) Title 42, United States Code, Section |
| | ) 408(a)(7)(B). |
| | ) |
| | ) **SUPERSEDING INDICTMENT** |

**COUNT ONE**

**FILED**

J.N    MAR 19, 2008

The SPECIAL MARCH 2007 GRAND JURY charges:

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

1.      At times material to this indictment:

        a.      In or around July 2007, defendant MARY GURIN and Individual E became

owners of "Ideal Staffing Solutions, Inc.," a temporary employment agency located at 170 North

Pine Lane, Bensenville, Illinois, and renamed the agency "Gurin's Ideal Staffing." These entities

will be referred to herein collectively as "Ideal Staffing." GURIN was employed as the manager of

Ideal Staffing.

        b.      Ideal Staffing supplied temporary workers for various companies including

those supplying services in secure areas of Chicago O'Hare International Airport ("O'Hare Airport")

in Chicago, Illinois.

        c.      The   Department   of   Homeland   Security   Transportation   Security

Administration ("TSA") identified and recognized the City of Chicago Department of Aviation

("CDA") as the operator of O'Hare Airport.

     d.    The CDA had the responsibility and the authority to enact and enforce safety and security policies and procedures to protect and ensure the safe operation of O'Hare Airport and surrounding airport areas.

     e.    The CDA required that individuals who wished to work in secure areas of O'Hare Airport apply for a security ID badge by completing an application form. The application forms required, among other things, that the applicants supply accurate and truthful identifying information such as the applicant's Social Security number, date of birth, and residential address. This form was called the "City of Chicago Department of Aviation–O'Hare International Airport Access Control Photo ID Badge and Fingerprint Application" until on or about December 12, 2006 when, as of that date, the form was re-titled the "City of Chicago Department of Aviation Access Control and Photo ID Badge Application." The form used after December 12, 2006 required the applicant's employer to certify that the information the applicant provided regarding his or her residency status and work eligibility were true and complete, to the best of the employer's knowledge, and that the employer had verified the applicant's documents of identification, employment eligibility and citizenship. These forms will be referred to herein by their specific name or collectively as "the airport security forms."

     f.    Ideal Staffing submitted airport security forms to a CDA office located at O'Hare Airport in order to obtain photo IDs for its employees to work in secure areas at O'Hare Airport. The airport security forms submitted by Ideal Staffing required that an existing airport tenant verify that Ideal Staffing workers would be performing work at O'Hare Airport for the tenant in areas requiring airport security badges.

- 2 -

g.     Company A was a tenant of O'Hare Airport. Company A had a contract with Ideal Staffing which provided that Ideal Staffing would provide temporary workers to do work in certain secure areas of O'Hare Airport. As such, Company A provided verifications for Ideal Staffing workers and Ideal Staffing submitted the verifications to CDA.

h.     Defendant NORINYE BENITEZ had no legal immigration status in the United States.

i.     Defendant BENITEZ was employed by Ideal Staffing and worked in the Ideal Staffing offices in Bensenville, Illinois. BENITEZ's duties included processing initial employment applications of individuals seeking employment through Ideal Staffing as well as transporting airport security forms to Company A for signature and verification prior to the submission of the forms to CDA.

2.     Beginning no later than April 2006, and continuing until on or about October 26, 2007, at Bensenville, in the Northern District of Illinois, and elsewhere,

MARY GURIN, and
NORINYE BENITEZ,

defendants herein, did conspire with each other and with others, known and unknown to the Grand Jury, for the purpose of commercial advantage and private financial gain, to conceal, harbor, and shield from detection and attempt to conceal, harbor, and shield from detection, aliens, namely, certain employees of Ideal Staffing, within the United States, knowingly and in reckless disregard of the fact that such aliens had come to, entered, and remained in the United States in violation of law, in violation of Title 8, United States Code, Sections 1324 (a)(1)(A)(iii) and 1324(a)(1)(B)(I).

3.     It was part of the conspiracy that defendant MARY GURIN knowingly hired

- 3 -

undocumented aliens to work as employees of Ideal Staffing and sent them to work as temporary employees at other companies operating, among other places, in and around O'Hare Airport.

4.      It was further part of the conspiracy that defendant NORINYE BENITEZ, at the direction of defendant MARY GURIN, created false identification information to put on applications for employment of undocumented aliens who did not have proper residency and employment authorization identification when applying for positions with Ideal Staffing.

5.      It was further part of the conspiracy that defendant GURIN certified airport security forms for undocumented aliens in order to acquire airport security badges for the undocumented aliens to work in secure areas at O'Hare Airport, defendant GURIN well-knowing that the undocumented aliens were not authorized to work in the United States and that certain identification information contained in the airport security forms was false.

6.      It was further part of the conspiracy that defendant BENITEZ transported fraudulent airport security forms to Company A to obtain Company A's verification on the forms.

7.      It was further part of the conspiracy that defendant GURIN drove undocumented aliens to O'Hare Airport in order to obtain airport security badges for the undocumented aliens at the CDA office.

8.      It was further part of the conspiracy that defendants GURIN and BENITEZ gave airport security badges to undocumented aliens in the names of other individuals in order for the undocumented aliens to fraudulently obtain temporary employment in secure areas of O'Hare Airport.

9.      It was further part of the conspiracy that defendant GURIN, as manager of Ideal Staffing, manipulated payroll records for the undocumented alien employees of Ideal Staffing that

resulted in the underpayment of the alien employees for the hours the aliens had actually worked.

10.    It was further part of the conspiracy that defendants GURIN and BENITEZ, hid, concealed and caused to be hidden and concealed the acts and objects of the conspiracy.

## OVERT ACTS

11.    In furtherance of the conspiracy and to effect the unlawful objects of the conspiracy, defendants GURIN and BENITEZ committed the following overt acts:

a.    On or about October 18, 2006, defendant GURIN certified the airport security badge application for defendant BENITEZ to obtain an airport security badge.

b.    On or about June 6, 2007, defendant GURIN sent an invoice to Company A which included charges for work performed by Individual D, an undocumented alien employee of Ideal Staffing.

c.    On or about October 11, 2007, defendant BENITEZ gave an undocumented alien employee of Ideal Staffing an airport security badge in another individual's name.

c.    On or about October 25, 2007, defendant GURIN sent an invoice to Company B which included charges for work performed by Individual A, an undocumented alien employee of Ideal Staffing.

All in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(I).

- 5 -

## COUNT TWO

The SPECIAL MARCH 2007 GRAND JURY further charges:

Beginning in or about August 2007, and continuing until on or about October 26, 2007, at Bensenville, in the Northern District of Illinois, Eastern Division, and elsewhere,

### MARY GURIN,

defendant herein, knowingly and in reckless disregard of the fact that Individual A had come to, entered, and remained in the United States in violation of law, did conceal, harbor, and shield Individual A from detection through employment by Ideal Staffing, for the purpose of commercial advantage and private financial gain;

In violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324 (a)(1)(B)(I).

## COUNT THREE

The SPECIAL MARCH 2007 GRAND JURY further charges:

Beginning on or about November 7, 2003, and continuing until on or about October 26, 2007, at Bensenville, in the Northern District of Illinois, Eastern Division, and elsewhere,

### MARY GURIN,

defendant herein, knowingly and in reckless disregard of the fact that Individual B had come to, entered, and remained in the United States in violation of law, did conceal, harbor, and shield Individual B from detection through employment by Ideal Staffing, for the purpose of commercial advantage and private financial gain;

In violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(I).

## COUNT FOUR

The SPECIAL MARCH 2007 GRAND JURY further charges:

Beginning on or about October 24, 2006, and continuing until on or about October 26, 2007, at Bensenville, in the Northern District of Illinois, Eastern Division, and elsewhere,

### MARY GURIN,

defendant herein, knowingly and in reckless disregard of the fact that Individual C had come to, entered, and remained in the United States in violation of law, did conceal, harbor, and shield Individual C from detection through employment by Ideal Staffing, for the purpose of commercial advantage and private financial gain;

In violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324 (a)(1)(B)(I).

- 8 -

## COUNT FIVE

The SPECIAL MARCH 2007 GRAND JURY further charges:

Beginning on or about July 11, 2007, and continuing until on or about October 26, 2007, at Bensenville, in the Northern District of Illinois, Eastern Division, and elsewhere,

### MARY GURIN,

defendant herein, knowingly and in reckless disregard of the fact that Individual D had come to, entered, and remained in the United States in violation of law, did conceal, harbor, and shield Individual D from detection through employment by Ideal Staffing, for the purpose of commercial advantage and private financial gain;

In violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324 (A)(1)(B)(I).

## COUNT SIX

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    The allegations of Paragraph 1(a) through 1(i) of Count One of this indictment are realleged and incorporated herein as if fully set forth.

2.    Social Security Number XXX-XX-6781 was assigned by the Commissioner of Social Security to an individual other than Individual A.

3.    On or about July 9, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### MARY GURIN,

defendant herein, with the intent to deceive, and for the purpose of obtaining something of value, namely, an airport security badge at O'Hare Airport, falsely represented on a City of Chicago Department of Aviation Access Control and Photo ID Badge Application for Individual A that the Social Security Number on the Application, namely, SSN XXX-XX-6781, had been assigned by the Commissioner of Social Security to Individual A, when, in fact, such number had not been so assigned by the Commissioner or Social Security to Individual A;

In violation of Title 42, United States Code, Section 408(a)(7)(B) and Title 18, United States Code, Section 2.

- 10 -

## COUNT SEVEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

1. The allegations of Paragraph 1(a) through 1(i) of Count One of this indictment are realleged and incorporated herein as if fully set forth.

2. Social Security Number XXX-XX-9637 was assigned by the Commissioner of Social Security to an individual other than Individual B.

3. On or about January 24, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### MARY GURIN,

defendant herein, with the intent to deceive, and for the purpose of obtaining something of value, namely, an airport security badge at O'Hare Airport, falsely represented on a City of Chicago Department of Aviation–O''Hare International Airport Access Control Photo ID Badge and Fingerprint Application for Individual B that the Social Security Number on the Application, namely, SSN XXX-XX-9637, had been assigned by the Commissioner of Social Security to Individual B, when, in fact, such number had not been so assigned by the Commissioner or Social Security to Individual B;

In violation of Title 42, United States Code, Section 408(a)(7)(B) and Title 18, United States Code, Section 2.

- 11 -

## COUNT EIGHT

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    The allegations of subparagraph 1(a) through (i) of Count One of this indictment are realleged and incorporated herein as if fully set forth.

2.    Social Security Number XXX-XX-6291 was assigned by the Commissioner of Social Security to an individual other than defendant NORINYE BENITEZ.

3.    On or about October 18, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### NORINYE BENITEZ,

defendant herein, with the intent to deceive, and for the purpose of obtaining something of value, namely, an O'Hare Airport security ID badge, falsely represented on a City of Chicago Department of Aviation O'Hare International Airport Access Control Photo ID Badge and Fingerprint Application that the Social Security number on the Application, namely, SSN XXX-XX-6291, had been issued to her by the Commissioner of Social Security, when, in fact, such number had not been so issued to her;

In violation of Title 42, United States Code, Section 408(a)(7)(B).

- 12 -

## COUNT NINE

The SPECIAL MARCH 2007 GRAND JURY further charges:

On or about October 18, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### NORINYE BENITEZ,

defendant herein, in a matter within the jurisdiction of the Department of Homeland Security, an agency of the United States, knowingly and willfully did make and use, and cause to be made and used, a materially false document, knowing the same to contain materially false, fictitious, and fraudulent statements and entries, namely, a "City of Chicago Department of Aviation–O'Hare International Airport Access Control Photo ID Badge and Fingerprint Application," which falsely represented that a certain Social Security number was assigned to her by the Commissioner of Social Security when, in fact, that number had not been so assigned;

In violation of Title 18, United States Code, Section 1001.

## COUNT TEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.      The allegations of subparagraph 1(a) through (i) of Count One are realleged as though fully set forth herein.

2.      On or about June 13, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### NORINYE BENITEZ,

defendant herein, with the intent to deceive, and for the purpose of obtaining something of value, namely, an O'Hare Airport security ID badge, falsely represented on a City of Chicago Department of Aviation Access Control and Photo ID Badge Application that the Social Security number on the Application, namely, SSN XXX-XX-6291, had been issued to her by the Commissioner of Social Security, when, in fact, such number had not been so issued to her:

In violation of Title 42, United States Code, Section 408(a)(7)(B).

- 14 -

## COUNT ELEVEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

On or about June 13, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### NORINYE BENITEZ,

defendant herein, in a matter within the jurisdiction of the Department of Homeland Security, an agency of the United States, knowingly and willfully did make and use, and cause to be made and used, a materially false document, knowing the same to contain materially false, fictitious, and fraudulent statements and entries, namely, a "City of Chicago Department of Aviation Access Control and Photo ID Badge Application," which falsely represented that a certain Social Security number was assigned to her by the Commissioner of Social Security when, in fact, that number had not been so assigned;

In violation of Title 18, United States Code, Section 1001.

A TRUE BILL:

_____

FOREPERSON

_____

UNITED STATES ATTORNEY